## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

EDDIE S. NEAL      \*
3145 Sackertown Road
Crisfield, Maryland 21817      \*      Civil Action No.: _____

     Plaintiff      \*

v.      \*

LT. LONNIE W. LUEDTKE,      \*
Individually and in his official capacity
as an Officer of the Crisfield Police Department
319A West Main Street
Crisfield, Maryland 21817      \*

and      \*

DETECTIVE RALPH P. OAKES,      \*
Individually and in his official capacity
as a Detective of the Crisfield Police Department
319A West Main Street
Crisfield, Maryland 21817      \*

and      \*

THE CITY OF CRISFIELD      \*
319 West Main Street
Crisfield, Maryland 21817      \*

     Serve: Mayor Percy J. Purnell      \*
           15 East Main Street
           Crisfield, Maryland 21817      \*

     \*

     Defendants
     \*

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

## COMPLAINT

Eddie S. Neal, by and through his undersigned counsel, Luke A. Rommel, Esquire, Otway Russo & Rommel, P.C., David W. Moore, Esquire and David W. Moore, P.A., , sue the above captioned Defendants and for causes of action against same state as follows:

## NATURE OF THE CASE

1.      This action is brought by the Plaintiff, Eddie S. Neal, against Lieutenant Lonnie W. Luedtke, Detective Ralph P. Oakes, and The City of Crisfield.

2.      Beginning in October 2013, Defendant Lt. Lonnie Luedtke (hereinafter "Luedtke"), who was acting individually and in his official capacity as a Crisfield Police Officer, and Detective Ralph Oakes (hereinafter "Oakes"), who was acting individually and in his official capacity as a Crisfield Police Officer, wrongfully and maliciously initiated an unlawful criminal investigation against Plaintiff, outside the jurisdiction of the City of Crisfield.  Defendants' criminal investigation intentionally and unlawfully crossed known jurisdictional borders.  As a result of the investigation, Plaintiff was wrongfully harassed, seized, detained, indicted and jailed.  There was no lawful, reasonable or apparent reason for the investigation, or Plaintiff's seizure, detention, or arrest. The entire investigation and related events occurred outside jurisdictional borders.  Plaintiff's claims, in pertinent part, are brought under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C §§ 1331, 1332, 1343 and 1367, as well as, principles of supplemental and pendant jurisdiction. Venue is appropriate in this Court pursuant to 28 U.S.C § 1391.

4.      The causes of action alleged herein arise from factual allegations occurring in this judicial district.  Upon information and belief, the Plaintiff and the named individual Defendants reside in this District.  The Defendant City of Crisfield is located in this District.

5.      The amount in controversy exceeds $75,000.00.

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 188 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

## PARTIES

6.      Plaintiff, Eddie Neal, is a resident of Somerset County, Maryland.

7.      Defendant, Lt. Lonnie Luedtke, is an individual who upon information and belief resides in Somerset County, Maryland.  At all relevant times, Luedtke was acting in his official capacity as an officer of the Crisfield Police Department and the City of Crisfield.  The Defendant, the City of Crisfield, is a public entity established under the laws of Maryland to be sued in its own name.  The conduct of Luedtke and the City of Crisfield stands in violation of the Fourth and Fourteenth Amendments of the Constitution, as well as clearly established law.

8.      Defendant, Detective Ralph Oakes, is an individual who upon information and belief resides in Somerset County, Maryland.  At all relevant times, Defendant Oakes was acting in his official capacity as a Detective of the Crisfield Police Department and the City of Crisfield.

9.      The Defendant, the City of Crisfield, is a public entity established under the laws of Maryland to be sued in its own name.  The conduct of Oakes and the City of Crisfield stands in violation of the Fourth and Fourteenth Amendments of the Constitution, as well as clearly established law.

10.     Plaintiff has complied with the Local Government Tort Claims Act by providing timely notice on November 25, 2014 to the Mayor of the City of Crisfield, the Crisfield Chief of Police, the President of the Crisfield City Council, and the Attorney for the City of Crisfield.

## FACTS COMMON TO ALL COUNTS

11.     Plaintiff Eddie Neal (hereinafter "Plaintiff") has had extensive, prior interaction with Luedtke, Oakes and the Crisfield Police Department.  On December 11, 2010, Plaintiff pled guilty to one count of CDS Possession with Intent to Distribute.  He was sentenced to 15 years to the Maryland Department of Corrections, with all but five years suspended.  Upon his release,

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

Plaintiff was placed on supervised probation for two years.  Plaintiff was paroled and released on March 21, 2012.  Since that time, he has taken action to live lawfully and productively, improve himself and provide for his family.

12.     At all relevant times, Plaintiff resided at a dwelling on 3145 Sackertown Road, which is in Somerset County, Maryland.  This dwelling is outside of the jurisdiction of the City of Crisfield and the City of Crisfield Police Department.

13.     Defendant the City of Crisfield, through its police department, has adopted the following mission statement:

> The citizens of Crisfield benefit from a progressive city government. The police department is a modern, professional law enforcement agency staffed by highly trained and dedicated officers. They strive to provide the highest quality of service to the citizens of Crisfield and visitors to this growing community.
>
> It is the mission of the Crisfield Police Department to protect the lives and property of the people we serve, while affording dignity and respect to all persons. We seek to improve the quality of life for our citizens by ensuring public safety. We will perform our duties with honor and integrity, while developing our members to their greatest potential.

14.     Beginning in October of 2013, Defendants willfully abandoned this mission, and initiated an investigation against Plaintiff that stands in stark contrast to the goals recited above. Defendant Luedtke, Oakes and the City of Crisfield knowingly and maliciously crossed jurisdictional boundaries and pursued a criminal investigation against Plaintiff, based on charges and allegations that were largely fictional.  From the beginning, the investigation was conducted without any reasonable or lawful basis, and ultimately led to Plaintiff's arrest and prolonged detention.

15.     On October 28-29, 2013, Defendants crossed the boundaries of their jurisdiction, and met with an "informant" at a "pre-determined location," Janes Island State Park, in Somerset

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

County, Maryland. At this location, Defendants gave the information $40.00 and according to Defendants, instructed the information to attempt to purchase illegal drugs from Plaintiff. According to Defendants, the illegal drugs were not in fact purchased from Plaintiff, but some other third party. Nonetheless, Defendants' pursuit of Plaintiff continued.

16.     On October 30, 2014, Defendants had executed an Application for Search and Seizure Warrant for the residence at 3145 Sackertown Road. The only factual references or allegations related to Plaintiff in the Application is Luedtke's contention that he could "recognize[e] the voice" of Plaintiff, because he had spoken to Plaintiff in the past. Luedtke did not speak with Plaintiff, however. Rather, he claimed to recognize Plaintiff's voice while overhearing a phone conversation, from a distance, between the informant and some unknown third party. It was also noted in the Application that Plaintiff was not present at 3145 Sackertown Road when drugs were allegedly purchased. The only potentially incriminating allegations contained in the Application and made against Plaintiff had nothing to do with the reason they wanted the warrant: according to Defendants, Plaintiff allegedly bought drugs at some unknown time, in some unknown quantity, outside their jurisdiction, in the past.

17.     On November 7, 2014, a search was conducted at 3145 Sackertown Road. Plaintiff was not present or on the premises, nor did own the house. The only information obtained directly or indirectly related to Plaintiff during the search were statements that Plaintiff stayed there on occasion, and Plaintiff was not involved in any narcotics distribution. Defendants then prepared an application for charges against Plaintiff and an arrest warrant for Plaintiff was issued.

18.     Defendants prepared an Investigative Report dated November 11, 2013, but upon information and belief, this document was drafted several months later and back-dated, in

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

anticipation of litigation.  No other law enforcement agency, including the Somerset County Sheriff's Department, had contemporaneous knowledge of the Defendants' investigation.

19.     On November 19, 2013, Plaintiff was indicted on charges of Conspiracy to Distribute Narcotics.  As a result, Plaintiff was held in the Somerset County Detention Center without bond.  He remained incarcerated for 190 days, until May 28, 2014, when the criminal charges were dismissed by the Circuit Court for Somerset County.

20.     As a result of this unlawful investigation and prosecution, Plaintiff was wrongfully harassed, detained, indicted, arrested, committed and incarcerated for 190 days.  At all relevant times, Defendants knew or should have known that their conduct stood in violation of the Fourth and Fourteenth Amendments of the Constitution, as well as clearly established law. Luedtke and Oakes were aware of the boundaries of their jurisdiction and knew at all relevant times that they were exceeding them.  Even if Defendants  had stayed within their jurisdictional boundaries, they nonetheless knew the investigation was factually unsustainable and should never have been pursued.

21.     Plaintiff has been physically, economically and emotionally damaged by the incident, including but not limited to spending 190 days in prison, for no reason.  In addition, Plaintiff has been forced to defend felony criminal charges that had no basis in law or fact, and never should have been filed or prosecuted against him.  Plaintiff has also incurred attorneys' fees as a result of defending the criminal proceedings. As a result of Defendants' conduct, Plaintiff has suffered damages by being unlawfully held against his will for an extended period of time, and has suffered and will continue to suffer severe emotional anguish and other damages.

### COUNT I - VIOLATION OF 42 U.S.C. § 1983
*(City of Crisfield and Lt. Lonnie Luedkte, and Det. Ralph Oakes)*

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C.  •  108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

22.     Plaintiff incorporates herein by reference, all of the allegations of Paragraphs 1 through 21 above, as fully as if said allegations had been repeated at length herein.

23.     In committing the acts complained of herein, the Defendants deprived Plaintiff of constitutionally protected rights of the Fourth Amendment to the United States Constitution, including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive force by persons under the color of law; and d) the right to be free from false arrest.

24.     Plaintiff has constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures.  At all relevant times, Defendants knowingly acting in violation of these rights, including when they knowingly and deliberately exceeded their jurisdictional boundaries, and even after exceeding their jurisdictional boundaries, pursuing criminal charges that they knew were unsustainable.

25.     As a direct and proximate result of the Defendants' actions, Plaintiff was harmed and suffered and continue to suffer and incur both economic and non-economic damages, including Plaintiff's wrongful incarceration for 190 days.  Plaintiff has suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C § 1983.

26.     The conduct of Defendants was intentional, reckless, malicious and/or callously indifferent to the rights of Plaintiff and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.  Defendants targeted Plaintiff only because they had prior encounters with Plaintiff in the past.  Defendants' conduct is systemic and has occurred against others similarly situated in the past, including the Plaintiff.

WHEREFORE, Plaintiff, Eddie S. Neal, demands judgment for the damages and violation of their constitutional rights against all Defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than ($75,000.00), plus

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

### COUNT II - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C § 1983
### FALSE ARREST
*(Defendants City of Crisfield, Lt. Lonnie Luedtke and Det. Ralph Oakes)*

27.     Plaintiff incorporates herein by reference, all of the allegations of Paragraphs 1 through 26 above, as fully as if said allegations had been repeated at length herein.

28.     In committing acts complained of herein, Defendants acted under color of law by falsely and unlawfully arresting and detaining Plaintiff with no basis in fact or law to do so, in violation of the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants' conduct was intentional, deliberate and systemic.

29.     As a direct and proximate result of the violation of their constitutional right to be free from false arrest by Defendants, Plaintiff suffered serious personal injuries, emotional damage, mental anguish, and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C § 1983.  Plaintiff suffered economic damage because of his incarceration and the costs of defending criminal charges that never should have been pursued.

WHEREFORE, Plaintiff, Eddie Neal, demands judgment for the damages and violation of their constitutional rights against all defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

### PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff demands:

A.     That process issue to Defendants, and that they be required to answer in the time allowed by law.

LAW OFFICES • OTWAY, RUSSO & ROMMEL, P.C. • 108 DOWNTOWN PLAZA, P.O. BOX 4096 • SALISBURY, MARYLAND 21803-4096

B.     That judgment be rendered in favor of Plaintiff and against Defendants on all causes of action asserted herein.

C.     That Plaintiff be awarded punitive damages against the Defendants.

D.     That Plaintiff be awarded the reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C § 1988 (b) and (c).

E.     That Plaintiff receives any other further and general relief to it may appear he is entitled.

F.     A jury for the trial of this matter.

Date: March 31 , 2015

_____
Luke A. Rommel, Esquire
(Federal Bar #16949)
lrommel@otwayrusso.com
OTWAY, RUSSO & ROMMEL, P.C.
P.O. Box 4096
Salisbury, Maryland 21803
Telephone 410-749-3900
Facsimile 410-749-8577

_____
David W. Moore, Esquire
(Federal Bar #03225)
davidmoorelaw@comcast.net
DAVID W. MOORE, P.A.
219 East Main Street
Salisbury, Maryland 21801

*Attorneys for Plaintiffs*