IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| EDDIE S. NEAL | * |
| Plaintiff, | * |
| v. | * Case No.: RDB 15-cv-1030 |
| LT. LONNIE W. LUEDTKE, ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \*

**MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Lt. Lonnie W. Luedtke, Detective Ralph P. Oakes, and the City of Crisfield, Defendants, by their undersigned counsel, pursuant to Local Rule 105.2, submit this Memorandum in reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or, alternatively, for Summary Judgment.

**I.     Argument**

**A.     Ripeness for Summary Judgment and Lack of Need for Discovery**

Initially, based on the pleading deficiencies raised in their initial Memorandum, Defendants seek dismissal only of Neal's claim of municipal liability under 42 U.S.C. §1983.  As to his Fourth Amendment claim against them, the Detectives are seeking summary judgment based upon the evidentiary record now before the Court.  As such, Neal's contentions in footnote 1 regarding the request for dismissal can be ignored.

As to the ripeness for summary judgment, Neal first takes the approach that the evidentiary facts provided by Defendants, including the legal ruling of the circuit court on the jurisdictional issue, seemingly paves Neal's way to prevail on his Fourth Amendment claim.  In other words, Neal

contends that his constitutional claim is established on the basis of the jurisdictional issue alone.  If this were true, one would think that Neal, not the Detectives, would have moved for summary judgment.  Yet Neal has sought no such relief.  Further, in opposing the relief requested by the Defendants, Neal has failed to live up to the requirements of Rule 56.  Instead of presenting evidence on which a factfinder could reasonably rely to find in his favor, Neal instead has chosen to rest upon the allegations of his pleading.  Such practice is expressly prohibited by procedural rule and renders Defendants' Motion virtually unopposed.

Neal's Complaint is not verified, so his curious decision to hide behind it is fraught with peril.  This is because, in the face of a properly made and supported motion for summary judgment, Rule 56(e)(2) prohibits the non-moving party from merely resting upon allegations in his pleadings, instead requiring that, by affidavit or other evidentiary showing, he set out specific facts showing a genuine issue remains for trial. Fed.R.Civ.P. 56(e)(2).  Lacking such showing, the Court should enter summary judgment.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Yet, despite this prohibition, Neal's Opposition repeatedly contrasts allegations in his pleading to evidentiary facts in the record.  (*See* ECF 14, pp. 3 through 6).  Specifically, Neal, in sequence, counters evidentiary facts by pointing to the allegations in paragraphs 18, 24, 11, 11(again), 16, 20 and 17 of his Complaint.  The District of Maryland has held that "a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).  That is what is being attempted here and that effort must fail.

As to Neal's request for discovery under Rule 56(d), it, again, can be ignored, because Neal contends that the evidentiary record now before the Court is sufficient to defeat the Detectives' Motion and sustain his own constitutional claims.  Defendants agree that the record is more than

sufficient to warrant the granting of summary judgment, but not in the way Neal believes. Beyond this, counsel seemingly wants to engage in discovery to ferret out the Detectives' subjective motivation and intent. (*See* ECF 14, p. 6). Such motivations are immaterial to the core inquiry in any Fourth Amendment analysis: Were the actions of the defendant objectively reasonable? And, refining the inquiry even further in a search and seizure analysis: Were the actions of the Defendant based upon probable cause? If probable cause existed, the motivations Neal attributes to the Detectives are irrelevant, and, in light of this record, now virtually unopposed, probable cause unquestionably existed for both the search of the residence rented by Neal and his arrest at the same residence.

### B.   Absence of Fourth Amendment Violation and Qualified Immunity

Obviously, the right to be free from unreasonable searches and seizures is clearly established under the Fourth Amendment. In this regard, Neal states the obvious. Searches and seizures under the Fourth Amendment are objectively measured for their reasonableness, and the existence of probable cause ends the inquiry in any claimed Fourth Amendment violation. This is the immutable principle of law that Neal tries to avoid, if not diminish. Defendants' evidentiary submissions establish ample probable cause for the search(es) and seizure(s) made in this case. That probable cause is not negated by the alleged violation of State law, even assuming that the existence of such violation, in this case, and there is neither Supreme Court nor Fourth Circuit precedent that says otherwise. As such, Neal has not, and cannot, direct the Court's attention to authority that simply does not exist.

Here, the evidentiary facts establish not only that no Fourth Amendment violations occurred, but also that no clearly established "right" existed under the Fourth Amendment precluding municipal police officers from acting on probable cause developed outside of their sworn

jurisdictions.  In light of the state of the law, no reasonable person in the Detectives' position would have known that their conduct violated any constitutional right.

Finally, the Detectives fully understand that "[t]he Fourth Circuit has held it is clearly established that the Federal Constitution does 'not permit a police officer deliberately, or with reckless disregard for the truth, to make material misrepresentations or omissions to seek a warrant that would otherwise be without probable cause.'"  *Murphy v. Anne Arundel County*, MD, No. 12–1533, 2012 WL 5463021, at *7 (D. Md. Nov. 7, 2012) (citing *Miller* v. *Prince George's County, MD.*, 475 F.3d 621, 632 (4th Cir. 2007)).  The question therefore would become whether a reasonable person in the Detectives' position would have known that their conduct would violate Neal's rights. No such finding could even arguably be made here.

## II.    Conclusion

For these reasons, and those previously stated, Defendants' Motion to Dismiss or, alternatively, for Summary Judgment, must and should be granted.

_____/s/_____
John F. Breads, Jr.
Federal Bar No. 01343
jfbreads@lgit.org


_____/s/_____
Matthew D. Peter
Federal Bar No.  26351
mpeter@lgit.org
7225 Parkway Drive
Hanover, Maryland  21076
Office (443) 561-1700
Facsimile (443) 561-1701
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June, 2015, the foregoing Memorandum in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment was filed electronically served upon: David W. Moore, David W. Moore, P.A., 219n East Main Street, Salisbury, Maryland 21801; and Luke A. Rommel, Otway, Russo, & Rommel, P.C., P.O. Box 4096, Salisbury, Maryland  21803.

_____/s/_____
Matthew D. Peter